## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ALMAGUER,

        Plaintiff,

                              CASE NO.

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA

        Defendant

_____/

## COMPLAINT

COMES NOW the Plaintiff, William Almaguer, by and through his undersigned attorney and sues the Defendants, UNUM LIFE INSURANCE COMPANY OF AMERICA, and says:

## COUNT I

1.    This is an action for damages under the Employee Retirement Income Security Income Act (ERISA) 29 U.S.C. '1001 et seq.

2.    This Court has jurisdiction pursuant to ERISA '502, 29 U.S.C. '1132.

3.    Plaintiff is a resident of the Tampa, Hillsborough County, Florida, and was a participant in each of the plans, funds, program, or arrangements described herein.

4.    Plaintiff is a former employee of Forrester Research, Inc..

1

5.    With respect to all claims made herein, Plaintiff has exhausted his administrative remedies.

6.    Forrester Research, Inc. is and/or was a plan sponsor of a welfare benefit plan that provided, through UNUM LIFE INSURANCE COMPANY OF AMERICA, long term disability insurance benefits and is subject to the provisions of ERISA.

7.    Forrester Research, Inc. is engaged in business in Hillsborough County, Florida.

8.    Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA is a foreign corporation engaged in business in Hillsborough County, Florida and is:

(a)    the plan administrator of the plan, or

(b)    the deemed plan administrator by virtue of its assumption and exercise of their responsibilities and duties of the plan administrator, or

(c)    the deemed plan administrator by virtue of its possession and exercise of control over the named plan administrator, or

(d)    although purporting to act as a professional rendering professional advice to the Plan:

(i)    has such a degree of influence or control over fiduciary decisions that it knew, or should have known, that its advice will be followed, or

(ii)    has a relationship with the plan administrator which gives them effective control over plan matters, or

(iii)    has such a degree of influence over the plan fiduciaries that

the plan fiduciaries have relinquished their independent discretion.

9.    The Plaintiff is entitled to long term disability benefits under the terms of the plan based on his disability which commenced on June 3, 2020, and which the Defendant paid said benefits through March 4, 2022, but denied said benefits thereafter, at the final stage of the administrative review process on January 9, 2023.  The Plaintiff has continued to be disabled since March 4, 2022, to the present.

10.    Plaintiff is entitled to the benefits identified herein because:

(a)    The benefit is a permitted benefit under the plan.

(b)    Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c)    Plaintiff has not waived or otherwise relinquished her entitlement to the benefit.

11.    Defendants, UNUM LIFE INSURANCE COMPANY OF AMERICA, refused to pay the benefits sought by the Plaintiff.

12.    Pursuant to ERISA '502(g), 29 U.S.C. '1132(g), the Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA.  Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, Plaintiff, Carlos Martinez, asks this Court to enter judgment against Defendants, LIFE INSURANCE COMPANY OF AMERICA, finding he is

entitled to receive long term disability benefits from the plan plus attorney fees, costs, and other such relief as the Court deems proper.

Respectfully submitted,


s/Michael A. Steinberg
MICHAEL A. STEINBERG, ESQ.
4925 Independence Parkway, Suite 195
Tampa, FL  33634
813-221-1300
Fla. Bar No.:  0340065
Attorney for Plaintiff
mas@ssalawyers.com